JUDGE KOELTL

07 CV 3717

199-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
SINOCHEM SHIPPING CO., LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SINOCHEM SHIPPING CO., LTD.,

                     Plaintiff,

– against –

P.T. PERMATA HIJAU SAWIT and VIRGOZ
OILS & FATS PTE. LTD.,

                     Defendants.
------------------------------------------------------------x

07-Civ_____ ( )

**VERIFIED COMPLAINT**

    Plaintiff, SINOCHEM SHIPPING CO., LTD. (hereinafter "SINOCHEM"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants P.T. PERMATA HIJAU SAWIT (hereinafter "P.T. PERMATA") and VIRGOZ OILS & FATS PTE. LTD. (hereinafter "VIRGOZ"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/281610.1

2. At all times relevant hereto, Plaintiff SINOCHEM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 2606, Jin Mao Tower, No. 88, Century Boulevard, Pudong New Area, Shanghai, 200121 P.R. China.

3. At all times relevant hereto, Defendant P.T. PERMATA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at JL Sultan Iskandar Muda No. 107, 20154 Medan, Indonesia.

4. At all times relevant hereto, Defendant VIRGOZ was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Equity Plaza, 20 Cecil St. #18-08, Singapore 049705.

5. On or about September 15, 2005, Plaintiff SINOCHEM, as disponent owner, and Defendants P.T. PERMATA and VIRGOZ, as charterers, entered into a maritime contract of charter party on an amended VEGOILVOY form for the use and operation of the M/T HAILISEN. Plaintiff SINOCHEM duly tendered the vessel into service under the charter.

6. The charter party contemplated carriage of 8,300 metric tons of crude/refined palm oil products in bulk, 2% less in charterers' option, from loading ports in Indonesia and Malaysia to the discharge port of Qasim in Karachi, Pakistan.

7. Clause 5 of the charter party provided that any loss of cargo that did not exceed 0.5 percent of the total amount of cargo carried onboard, the allowable loss in the vegetable oil trade, would be the sole responsibility of charterers.

8. Following the discharge of the cargoes of vegetable oil, Plaintiff SINOCHEM was sued by nine separate and individual cargo owners in the courts of Karachi, Pakistan for cargo shortages.

9. Defendants P.T. PERMATA and VIRGOZ are liable to Plaintiff under Clause 5 of the charter party, as they represent cargo losses within the acceptable parameters in the vegetable oil trade.

10. Plaintiff SINOCHEM has now settled all nine of the cargo suits in Pakistan for a total payment of $11,152.00.

11. Plaintiff SINOCHEM has thus far incurred legal fees in the sum of $3,623.00 in defending and settling the Pakistan lawsuits.

12. Plaintiff SINOCHEM has fulfilled all obligations required of it under the charter party.

13. Defendants P.T. PERMATA and VIRGOZ in breach of the parties' maritime contract, failed to pay the cargo receivers' claims, thereby subjecting SINOCHEM to liability in the sum of $11,152.00, plus interest and legal fees and costs..

14. Plaintiff SINOCHEM has made due demand for payment to Defendants in the sum of $11,152.00, plus interest and legal fees and costs. Defendants P.T. PERMATA and VIRGOZ, however, in breach of the charter party contract with SINOCHEM, have refused or have otherwise failed to pay.

15. The charter party also provided that any disputes between the parties would be governed by English law and resolved by arbitration in London. SINOCHEM specifically reserves its right to arbitrate the substantive matters at issue.

16. This action is brought to obtain jurisdiction over Defendants P.T. PERMATA and VIRGOZ and to obtain security in favor of Plaintiff SINOCHEM in respect to its claims against Defendants and in aid of London arbitration proceedings.

17. Upon information and belief, and after investigation, Defendants P.T. PERMATA and VIRGOZ cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of either Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by SINOCHEM against P.T. PERMATA and VIRGOZ includes:

(a) The $11,152.00 paid by SINOCHEM to the cargo receivers in respect of the shortage claims incurred in the performance of the subject voyage;

(b) Interest in the amount of $1,660.00, calculated on the above sum at the rate of 7% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(c) Legal fees and costs incurred by SINOCHEM in respect to the Karachi legal proceedings in the amount of $3,623.00;

(d) Legal fees, arbitrator fees and costs expected to be incurred in the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $10,000.00.

WHEREFORE, Plaintiff SINOCHEM SHIPPING CO., LTD. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $11,152.00, plus interest, costs and attorneys fees;

b. That since Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the sum of **$26,435.00,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of either Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for their benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
May 10, 2007

        FREEHILL HOGAN & MAHAR, LLP
        Attorneys for Plaintiff
        SINOCHEM SHIPPING CO., LTD.

By: _____
        Michael E. Unger (MU 0045)
        Manuel A. Molina (MM 1017)
        80 Pine Street
        New York, NY 10005
        (212) 425-1900
        (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
10th day of May, 2007.

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08

NYDOCS1/281610.1                         7